UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LUCAS JOSEPH RODDY (#458846)   CIVIL ACTION

VERSUS

RICKY BABIN   NO.: 17-1352-BAJ-EWD

## RULING AND ORDER

Before the Court is a **Motion for Preliminary Injunction (Doc. 1)** filed by *pro se* Plaintiff Lucas Joseph Roddy. For the following reasons, the **Motion for Preliminary Injunction (Doc. 1) is DENIED.**

I.   BACKGROUND

This dispute involves post-conviction DNA tests that Plaintiff Lucas Joseph Roddy says would prove that he is not guilty of the 2001 second-degree murder for which he was tried, convicted, and sentenced to life imprisonment. (Doc. 1, p. 4).

Plaintiff is an inmate at the Louisiana State Penitentiary. (Doc. 1, p. 1). Defendant Ricky Babin is the District Attorney for the 23rd Judicial District of Louisiana. (Doc. 1, p. 2). Plaintiff sues Defendant under 42 U.S.C. § 1983 and alleges that Defendant violated his constitutional rights by refusing to provide Plaintiff access to clothes which, if tested for DNA, would show that Plaintiff is innocent of the second-degree murder for which he remains imprisoned. (Doc. 1, p. 2). Plaintiff asks the Court to preliminarily enjoin Defendant from violating Plaintiff's rights under

1

the Due Process Clause, and to order Defendant to provide Plaintiff with "physical evidence" for DNA testing. (Doc. 1, p. 26).

On September 15, 2001, at about 5:45 A.M., an Ascension Parish Sheriff's Office deputy responded to an alarm that had sounded at a Gonzales, Louisiana supermarket. (Doc. 1, p. 2). He arrived on the scene and found the dead body of supermarket employee Luke Villar. (*Id.*). Detectives concluded that someone had shot Villar twice in the back. (*Id.*). One supermarket employee said the shooter was wearing a black and white plaid jacket. (*Id.*). The jacket was admitted into evidence at Plaintiff's trial, but it was not tested for DNA. (Doc. 1, p. 5).

In 2002, Plaintiff stood trial on a second-degree murder charge. (Doc. 1, p. 2). An Ascension Parish jury returned a guilty verdict, and the trial judge sentenced Plaintiff to life imprisonment without parole. (*Id.*). Plaintiff has challenged his sentence and conviction in this Court and in others. *See State v. Roddy*, 2005-0740 (La. Ct. App. 1st Cir. 12/22/05); 920 So. 2d 1006 (affirming conviction and sentence without opinion); *State ex rel. Roddy v. State*, 2009-2534 (La. 11/5/10); 50 So. 3d 818 (denying supervisory writ application); *State ex rel. Roddy v. State*, 2010-2193 (La. 10/14/11); 74 So. 3d 725 (same); *State ex rel. Roddy v. State*, 2010-1852 (La. 11/14/11); 75 So. 3d 931 (same); *Roddy v. Cain*, No. 11-cv-730-BAJ-RLB, 2015 WL 1276460, at *1 (M.D. La. Mar. 19, 2015) (denying Plaintiff's habeas corpus petition), *aff'd sub nom. Roddy v. Vannoy*, 671 F. App'x 295 (5th Cir. 2016).

In 2006, Plaintiff initiated state habeas corpus proceedings under Louisiana

Code of Criminal Procedure Article 930.3. (Doc. 1, p. 4). That provision affords post-conviction relief to a petitioner who can show one of the following:

> (1) the conviction was obtained in violation of the constitution of the United States or the state of Louisiana; (2) the court exceeded its jurisdiction; (3) the conviction or sentence subjected him to double jeopardy; (4) the limitations on the institution of prosecution had expired; (5) the statute creating the offense for which he was convicted and sentenced is unconstitutional; (6) the conviction or sentence constitute the ex post facto application of law in violation of the constitution of the United States or the state of Louisiana; (7) the results of DNA testing performed pursuant to an application granted under Article 926.1 proves by clear and convincing evidence that the petitioner is factually innocent of the crime for which he was convicted.

LA. CODE CRIM. PROC. art. 930.3.

In his state habeas corpus Petition, Plaintiff invoked Louisiana Code of Criminal Procedure Article 930.3(1) and argued that his trial counsel's ineffectiveness deprived him of his constitutional rights. (Doc. 1, p. 4). The state court denied his Petition, and the Louisiana First Circuit Court of Appeal denied his writ application. (*Id.*). The Supreme Court of Louisiana denied certiorari. (*Id.*).

In 2010, Plaintiff petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1 in 3:10-cv-8000-BAJ-RLB). Plaintiff's Petition alleged that Plaintiff's trial counsel was constitutionally ineffective in failing to obtain DNA testing of "clothing discovered in a bar-be-q [*sic*] pit, that had been inferred, at trail [*sic*], to have been the clothing worn during the commission of the murder." (Doc. 1-1, p. 15 in 3:10-cv-8000-BAJ-RLB). Plaintiff's Petition further alleged that DNA testing of the clothing "would have added weight and credibility to Petitioners [*sic*]

3

claim of innocence." (*Id.*).

On February 25, 2015, Magistrate Judge Richard L. Bourgeois entered a Report and Recommendation recommending that this Court deny Plaintiff's habeas corpus Petition. (Doc. 37, p. 33 in 3:10-cv-8000-BAJ-RLB). Magistrate Judge Bourgeois's Report and Recommendation addressed Plaintiff's DNA-testing argument, concluding that

> the presence or absence of DNA evidence on the shirt found later in the barbeque pit at Babin's[1] residence, which shirt was not even established to have been worn by the shooter, would not result in a conclusive showing that the petitioner is innocent of the offense charged and would not likely have altered the jury's finding of guilt in this case.

*Id.* at p. 32.

Magistrate Judge Bourgeois noted that the state trial court had denied Plaintiff's post-trial request for DNA testing, and quoted the trial court's reasons:

> In postconviction proceedings, the Court should order DNA testing where testing would provide clear and convincing evidence that the Petitioner is factually innocent of the crime for which he was convicted. La. Code Crim. P. art. 930.3(7). The DNA testing statute appears to be directed toward freeing the innocent, and not toward a reweighing of the evidence used to convict. Testing will be permitted only in those cases in which (1) a factual explanation of why there is articulable doubt as to guilt and, more importantly, that (2) DNA testing will "resolve the doubt and establish the actual innocence of the petitioner." *State v. Robertson*, . . . 958 So. 2d 787.
> During the trial of this matter, there was evidence presented by the State that clothing found in the barbeque pit at Babin's home appeared to be similar to the clothing worn by the shooter. There was no clear, unequivocal evidence that the clothing found was actually worn by the perpetrator of the murder. Therefore, this Court found that DNA

---

[1] Refers to Nicholas Babin, the owner of the shotgun used in the murder of Luke Villar. It is unclear from the record and from Plaintiff's briefing whether Nicholas Babin is related to Defendant Ricky Babin.

4

testing would not be evidence of actual innocence and testing was not warranted.

(Doc. 37, p. 31 in 3:10-cv-800-BAJ-RLB).

On March 19, 2015, this Court entered a Ruling and Order adopting Magistrate Judge Bourgeois's Report and Recommendation and denying Plaintiff's habeas corpus Petition. (Doc. 40, p. 4 in 3:10-cv-800-BAJ-RLB). The United States Court of Appeals for the Fifth Circuit affirmed this Court's Ruling and Order on January 4, 2017. (Doc. 48, p. 3 in 3:10-cv-800-BAJ-RLB).

Accordingly, this Court and state trial and appellate courts have concluded that the DNA testing Plaintiff seeks through his Motion for Preliminary Injunction (Doc. 1) could not show that Plaintiff is innocent. (*Id.*). Plaintiff nonetheless contends that the result of a DNA test of the clothing "has the potential to exonerate him." (Doc. 1, p. 5). Plaintiff represents that he has sought post-conviction DNA testing three times, and that each request has been denied. (*Id.*).

Plaintiff argues that he is entitled to injunctive relief because (1) he is substantially likely to succeed on the merits of his claim that Louisiana Code of Criminal Procedure Article 926.1, as applied to him, violates due process; (2) if Defendant is not enjoined from continuing to violate Plaintiff's due process rights, *i.e.*, denying Plaintiff access to the clothes he wishes to test for DNA, Plaintiff risks "erroneous deprivation of liberty"; (3) the threatened injury to Plaintiff—wrongful imprisonment—outweighs the burden on Defendant of granting Plaintiff access to the clothes he seeks to test for DNA; and (4) enjoining Defendant would not disserve

5

the public interest. (Doc. 1, pp. 7-26).

## II. LEGAL STANDARD

To obtain a preliminary injunction, Plaintiff must show (1) a substantial likelihood of success on the merits of his procedural due process claim, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, (4) that granting the injunction will not disserve the public interest. *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009).

## III. DISCUSSION

Plaintiff claims that he is entitled to injunctive relief because Louisiana's post-conviction DNA-testing procedures, as applied to him, violate the Due Process Clause of the Fourteenth Amendment. (Doc. 1, p. 7). To determine whether Plaintiff is substantially likely to succeed on the merits of that claim, the Court "look[s] to the standard provided by the substantive law." *Janvey v. Alguire*, 647 F.3d 585, 596 (5th Cir. 2011) (citation omitted). The substantive law at issue here is the law of procedural due process. (Doc. 1, p. 7).

"No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST., Amdt. 14, § 1. The Due Process Clause "imposes procedural limitations on a State's power to take away protected entitlements." *District Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 67 (2009). Plaintiff argues that he needs to obtain a DNA test of clothing found in a barbecue

pit to prove that he is innocent of the second-degree murder for which he remains imprisoned. (Doc. 1, p. 7). The Court "first examine[s] this asserted liberty interest to determine what process (if any) is due." *Osborne*, 557 U.S. at 67.

A convicted felon has no freestanding right to obtain evidence for post-conviction DNA testing. *Osborne*, 557 U.S. at 74. But when a state creates such a right, as Louisiana has done, "then the procedures to enforce that right must satisfy due process." *Pruett v. Choate*, 711 F. App'x 203, 206 (5th Cir. 2017) (per curiam) (unpublished but persuasive). Louisiana Code of Criminal Procedure Article 926.1 governs applications for post-conviction DNA testing. That article provides, in relevant part, as follows:

> A. (1) Prior to August 31, 2019, a person convicted of a felony may file an application under the provisions of this Article for post-conviction relief requesting DNA testing of an unknown sample secured in relation to the offense for which he was convicted.
>
> B. An application filed under the provisions of this Article shall comply with the provisions of Article 926 of this Code and shall allege all of the following:
>
> (1) A factual explanation of why there is an articulable doubt, based on competent evidence whether or not introduced at trial, as to the guilt of the petitioner in that DNA testing will resolve the doubt and establish the innocence of the petitioner.
>
> (2) The factual circumstances establishing the timeliness of the application.
>
> (3) The identification of the particular evidence for which DNA testing is sought.
>
> (4) That the applicant is factually innocent of the crime for which he was convicted, in the form of an affidavit signed by the petitioner under penalty of perjury.

C. In addition to any other reason established by legislation or jurisprudence, and whether based on the petition and answer or after contradictory hearing, the court shall dismiss any application filed pursuant to this Article unless it finds all of the following:

(1) There is an articulable doubt based on competent evidence, whether or not introduced at trial, as to the guilt of the petitioner and there is a reasonable likelihood that the requested DNA testing will resolve the doubt and establish the innocence of the petitioner. In making this finding the court shall evaluate and consider the evidentiary importance of the DNA to be tested.

(2) The application has been timely filed.

(3) The evidence to be tested is available and in a condition that would permit DNA testing.

LA. CODE CRIM. PROC. art. 926.1.

Plaintiff asserts that Article 926.1 "provides inadequate protection of [his] liberty interests in having meaningful access to state postconviction habeas and clemency proceedings." (Doc. 1, p. 13). Plaintiff reasons that Article 926.1 is inadequate because Plaintiff "has filed three separate DNA testing request [sic] under Article 926.1" but has had each denied. (*Id.*)

That courts have determined that Plaintiff has not made the showing Article 926.1 requires does not make Article 926.1 constitutionally inadequate. *See Osborne*, 557 U.S. at 62. To the contrary, it underscores a consensus among the courts that have evaluated Plaintiff's DNA-testing claim: Plaintiff cannot show that a favorable result from a DNA test of the clothing found in Nicholas Babin's barbecue pit would "resolve the doubt and establish the innocence of" Plaintiff. *See* LA. CODE CRIM. PROC. art. 926.1(C)(1); *Roddy*, 2015 WL 1276460, at *11 (concluding that DNA testing would

8

not have altered jury verdict because "there was overwhelming evidence that [Plaintiff] was a participant" in the murder).

Plaintiff has not shown that Article 926.1 creates a fundamentally unfair procedure for obtaining post-conviction DNA testing. *See Pruett*, 711 F. App'x at 206. Nor could he. Louisiana's post-conviction DNA-testing procedures resemble the procedures the Supreme Court approved in *Osborne*. 557 U.S. at 64. The Alaskan procedure upheld in *Osborne* granted a defendant relief if he "present[ed] newly discovered evidence that establishes by clear and convincing evidence that the defendant is innocent." *Osborne*, 557 U.S. at 65 (internal citation and quotation marks omitted). Louisiana's DNA-testing procedure requires the same showing as its Alaskan analog and is thus equally solicitous of the procedural due process rights of criminal defendants. *See* LA. CODE CRIM. PROC. arts. 926.1, 930.3(7).

Louisiana's post-conviction DNA-testing procedures provide procedural protections identical to the Alaska procedures upheld in *Osborne*, and Plaintiff offers neither evidence nor argument meaningfully distinguishing the procedures.[2] (Doc. 1). Plaintiff thus fails to show that the procedures set forth in Article 926.1 are "fundamentally inadequate to vindicate the substantive rights provided." *Osborne*, 557 U.S. at 69.[3] Because Plaintiff fails to show that Article 926.1 violates his

---

[2] Each federal court to address the question has concluded that Article 926.1 provides sufficient procedural protections. *See Broadway v. Office of District Attorney*, No. 5:15-cv-86, 2015 WL 13387962, at *4 (W.D. La. June 1, 2015) (rejecting procedural due process challenge to Article 926.1 and finding its procedures "fundamentally fair"), *aff'd*, 676 F. App'x 346 (5th Cir. 2017); *Thomas v. Fuselier*, No. 6:12-cv-3142, 2013 WL 1290002, at *8 (W.D. La. Mar. 8, 2013) (same).

9

procedural due process rights, Plaintiff fails to establish the first prerequisite for obtaining injunctive relief — a substantial likelihood of success on the merits of his procedural due process claim. *Byrum*, 566 F.3d at 445.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Preliminary Injunction (Doc. 1)** is **DENIED**.

Baton Rouge, Louisiana, this 11th day of September, 2018.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**