## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**LUCAS JOSEPH RODDY (#458846)**                    **CIVIL ACTION NO.**

**VERSUS**                                                                    **17-1352-BAJ-EWD**

**RICKY BABIN**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 28, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LUCAS JOSEPH RODDY (#458846)**   CIVIL ACTION NO.

**VERSUS**   17-1352-BAJ-EWD

**RICKY BABIN**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss ("Motion"),[1] filed on behalf of Ricky Babin ("Babin").[2] The Motion is opposed.[3] Construing the facts in the light most favorable to Plaintiff, his challenge to the denial of his application for DNA testing does not state a federal claim, he has no liberty interest in the clemency process and he has failed to allege facts to establish a claim for denial of access to the courts. Accordingly, it is recommended the Motion be granted, that all Plaintiff's federal claims be dismissed, and that the Court decline the exercise of supplemental jurisdiction over any state law claims.

**I.  Background**

Lucas Joseph Roddy ("Plaintiff"), who is representing himself and is confined at the Louisiana State Penitentiary in Angola, Louisiana, instituted this action pursuant to 42 U.S.C. § 1983 against Ricky Babin ("Defendant") and alleges Defendant has refused to provide Plaintiff

---

[1] R. Doc. 31.
[2] The Court does not address all arguments raised in the Motion because disposition of this matter is possible without addressing all arguments raised by Babin. To the extent Plaintiff objects to the grounds for dismissal noted herein, the Court possesses the inherent authority to *sua sponte* dismiss a party or expand upon the grounds for dismissal urged by the movants as long as the adverse parties receive notice and a chance to respond. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also Spann v. Woods*, 66 F.3d 322 (5th Cir. 1995) (unpubl.) (district court *sua sponte* dismissed claims under 12(b)(6) although the defendants never filed a motion to dismiss, nor did they plead failure to state a claim in their answer). This Report and Recommendation provides adequate notice to Plaintiff. *McCoy v. Wade*, No. 06-2292, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (the report and recommendation itself provides adequate notice to the parties).
[3] R. Doc. 32.

with access to physical evidence related to Plaintiff's criminal prosecution that, if available to Plaintiff, would prove his innocence.[4]  Plaintiff seeks injunctive relief.[5]

## II.  Law & Analysis

### A.  Standard of Review

In *Bell Atlantic Corp. v. Twombly*,[6] and *Ashcroft v. Iqbal*,[7] the Supreme Court clarified the standard of pleading that a plaintiff must meet to survive a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[8]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]  It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"[11]  "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[12]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint."[13]  Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded,

---

[4] R. Doc. 5, p. 4.
[5] R. Doc. 1, p. 5.
[6] 550 U.S. 544 (2007).
[7] 556 U.S. 662 (2009).
[8] *Twombly,* 550 U.S. at 555.
[9] *Iqbal,* 556 U.S. at 678, *quoting Twombly*, 550 U.S. 544.
[10] *Id.*
[11] *Id.* at 679.
[12] *Id.* at 678 (internal quotation marks omitted).
[13] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

2

must be held to less stringent standards than formal pleadings drafted by lawyers.'"[14] Moreover, the federal pleading rules simply require a "short and plain statement of the claim showing that the pleader is entitled to relief."[15] The task of the Court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted.[16] Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation,"[17] or "naked assertions [of unlawful conduct] devoid of further factual enhancement."[18]

### B. Plaintiff has Failed to State a Cognizable Federal Claim

#### i. Plaintiff's Procedural Due Process Claims Regarding Post-Conviction DNA Testing Fail

There is no free-standing federal constitutional right of post-conviction access to evidence, information, and items.[19] Although a prisoner has no substantive due-process right to DNA testing after conviction, a state that creates such a right must also establish rules that comply with procedural due process.[20] It is only when such procedures are deficient that an inmate may pursue a § 1983 lawsuit in federal court seeking the vindication of his procedural due process rights.[21]

The State of Louisiana has enacted procedures to permit post-conviction DNA testing. Louisiana Code of Criminal Procedure art. 926.1(A)(1) permits a defendant convicted of a felony to seek DNA testing of evidence that was "secured in relation to the offense for which he was

---

[14] *Id.* (citation omitted).
[15] Fed. R. Civ. P. 8(a)(2).
[16] *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014).
[17] *Papasan v. Allain*, 478 U.S. 265, 286 (1986).
[18] *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).
[19] *See District Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 67–73 (2009); *Marx v. Louisiana State Police*, 720 Fed.App'x. 207, 207 (5th Cir. 2018) ("A prisoner has no substantive due-process right to DNA testing after conviction.").
[20] *Marx*, 720 Fed.App'x at 207-08 (citing *Skinner v. Switzer*, 562 U.S. 521, 525 (2011); *Osborne*, 557 U.S. at 72–73.
[21] *See Emerson v. Thaler,* 544 Fed. App'x 325, 328 (5th Cir. 2013) (citing *Skinner*, 526 U.S. at 525; *Osborne*, 557 U.S. at 67-69).

convicted." The statute then sets out the allegations that must be included to entitle an applicant to relief. Louisiana Code of Criminal Procedure article 926.1(B) provides as follows:

An application filed under the provisions of this Article shall comply with the provisions of Article 926 of this Code and shall allege all of the following:

> (1) A factual explanation of why there is an articulable doubt, based on competent evidence whether or not introduced at trial, as to the guilt of the petitioner in that DNA testing will resolve the doubt and establish the innocence of the petitioner.
>
> (2) The factual circumstances establishing the timeliness of the application.
>
> (3) The identification of the particular evidence for which DNA testing is sought.
> (4) That the applicant is factually innocent of the crime for which he was convicted, in the form of an affidavit signed by the petitioner under penalty of perjury.

The statute further directs the state court to dismiss an application unless it finds *ALL* of the following:

> (1) There is an articulable doubt based on competent evidence, whether or not introduced at trial, as to the guilt of the petitioner and there is a reasonable likelihood that the requested DNA testing will resolve the doubt and establish the innocence of the petitioner. In making this finding the court shall evaluate and consider the evidentiary importance of the DNA sample to be tested.
>
> (2) The application has been timely filed.
>
> (3) The evidence to be tested is available and in a condition that would permit DNA testing.[22]

As this Court and the Fifth Circuit have already recognized, Louisiana Code of Criminal Procedure Article 926.1 is the relevant state law in this case.[23]

---

[22] La. C.Cr.P. art. 926.1(C).
[23] *See* R. Doc. 8, p. 5. Plaintiff makes mention of other articles, but it is clear that the relevant statute for Plaintiff's constitutional challenge is article 926.1, as this is the article he is required to utilize to seek DNA testing.

4

Plaintiff appears to be challenging the state court's application of the Louisiana statute, which is not possible here.[24] However, Plaintiff may challenge the state court's decision if he shows that the Louisiana statute, as applied, violated his rights under the constitution.[25] A state prisoner only has "slim room" to demonstrate "that the governing state law denies him procedural due process."[26] "A criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man."[27] Because the state has more flexibility in deciding what procedures are needed in the context of postconviction relief,"[28] a federal court will only intervene if the state's framework "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental, or transgresses any recognized principle of fundamental fairness in operation."[29] "Federal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided."[30]

According to Plaintiff's complaint, as amended, he availed himself of the procedures described in Louisiana Code of Criminal Procedure article 926.1 in attempting to obtain DNA testing. He alleges that the statute is unconstitutional on its face and as applied to him.[31] Courts, including this one, have already found that "Louisiana provides a fundamentally fair post-conviction procedure [and] … [m]ore specifically, Louisiana has provided an adequate procedure

---

[24] *Garcia v. Castillo*, 431 Fed.App'x. 350, 352-53 (5th Cir. 2011) (noting that the plaintiff in that case "does not—and could not—collaterally challenge the [state] courts' interpretation or application of [state] law.").
[25] *Id.*
[26] *Skinner*, 562 U.S. at 525.
[27] *Osborne*, 557 U.S. at 68.
[28] *Id.*
[29] *Osborne*, 557 U.S. at 69 (internal quotation marks and citations omitted).
[30] *Id.*, (citing *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987).
[31] Plaintiff specifically asserts that article 926.1 is "deficient" as applied to him but also asserts that he is not waiving a claim that article 926.1 is also deficient on its face. R. Doc. 1, p. 13. Plaintiff later states that "Louisiana's procedures are not adequate on their face, and, therefore, violate due process." R. Doc. 1, p. 17. Plaintiff makes an inconsistent statement in his sur-reply to the Motion to Dismiss; specifically, Plaintiff states he is challenging Louisiana's procedures regarding the release of physical evidence sought for DNA testing where the petitioner does not allege his actual innocence, but also states that he is not challenging the constitutionality of Louisiana Code of Criminal Procedure article 926.1. R. Doc. 34, p. 1. Article 926.1 is the article that requires Plaintiff to allege his actual innocence, so this is the article being challenged, despite Plaintiff's odd and inconsistent remarks.

5

for convicts to obtain forensic DNA testing to assert a claim of actual innocence based on forensic DNA testing."[32] Accordingly, any claim that article 926.1 is unconstitutional on its face fails as a matter of law.[33]

Further no facts indicate that the law was unconstitutional as applied. Rather, Plaintiff states this as a conclusory allegation without support. Plaintiff argues that the application of article 926.1 is arbitrary, but as stated in his Complaint, the state court reasoned that no matter the result of DNA testing, the result of Plaintiff's trial would not change because there was no evidence that the perpetrator was actually wearing the clothing introduced into evidence that Plaintiff sought to test.[34] The pertinent article specifically directs a court to dismiss an application for DNA testing unless "there is a reasonable likelihood that the requested DNA testing will resolve the doubt and establish the innocence of the petitioner."[35] Based on Plaintiff's complaint, the state trial court denied his request because it determined that, regardless of the outcome of the sought after DNA test, the test results would not establish Plaintiff's innocence.[36]

---

[32] *Alexander v. Cain*, No. 14-39, 2015 WL 3773254, at *3 (M.D. La. June 16, 2015) (quoting *Thomas v. Fuselier*, No. 12-3142, 2013 WL 1290002, at *8 (W.D. La. March 8, 2013). Plaintiff specifically asserts that article 926.1 is "deficient" as applied to him but also asserts that he is not waiving a claim that article 926.1 is also deficient on its face. R. Doc. 1, p. 13. As stated, article 926.1 has already been found to be constitutionally *sufficient* on its face, so a claim that the statute if facially unconstitutional is without merit.

[33] Moreover, as previously noted in this matter, Louisiana's post-conviction procedures for obtaining DNA testing "provide procedural protections identical to the Alaska procedures upheld in *Osborne*" by the Supreme Court, and "Plaintiff [has not offered] evidence nor argument meaningfully distinguishing the procedures." R. Doc. 8, p. 9.

[34] R. Doc. 1, pp. 6 & 20. Plaintiff recites the state court judge's reasoning for denying DNA testing, which was as follows:

> During the trial in this matter, there was evidence presented by the state that the clothing found in the barbeque pit at Babin's home appeared to be similar to the clothing worn by the shooter. There was no clear, unequivocal evidence that the clothing found was actually worn by the perpetrator of the murder. Therefore, this Court found that DNA testing would not be evidence of actual innocence and testing is not warranted.

R. Doc. 1, p. 6.

[35] La. C.Cr.P. art. 926.1(C)(1).

[36] This Court reached the same conclusion in Plaintiff's habeas proceedings, stating "the petitioner cannot show in this case that the DNA testing that he requests would vindicate him or establish that he is innocent." The Court stated the state trial court's reasoning regarding the lack of clear and unequivocal evidence that the sought after clothing was actually worn by the shooter and held that "the presence or absence of DNA evidence on the shirt…which shirt was not even established to have been worn by the shooter, would not result in a conclusive showing that the petitioner is

6

Plaintiff's true complaint here appears to be that the state courts reached an incorrect decision in rejecting his requests for DNA testing. Although Plaintiff is unhappy that his attempts to obtain forensic testing have proven unsuccessful, it is not the province of this Court to second-guess the decisions of the state courts and their application of state law.[37] As a result Plaintiff's claim seeking to overturn the alleged wrongful decisions of the state courts in denying DNA testing is not properly before this Court. "It is not the province of a federal habeas court to reexamine state court determinations on state-law questions."[38] Rather, our review is limited to determining whether the Constitution, laws, or treaties of the United States have been violated. Accordingly, this Court cannot review the correctness of the state court's determination regarding application of Louisiana Code of Criminal Procedure article 926.1.[39] It is Plaintiff's burden to demonstrate the inadequacy of the state-law procedures available to him in state post-conviction relief,[40] and Plaintiff has simply failed to carry this burden.[41]

### ii. Plaintiff Has No Liberty Interest in the Clemency Process

Plaintiff also argues that he has a liberty interest in the clemency process.[42] This claim may be summarily rejected because the Supreme Court has clearly held that "noncapital defendants

---

innocent of the offense charged and would not likely have altered the jury's finding of guilt…." R. Doc. 37, pp. 31-32 in Case No. 3:10-cv-800-BAJ-RLB. *See also Ramirez v. McCraw*, 715 Fed.App'x. 347, 350 (5th Cir. 2017) (upholding a district court's dismissal of a § 1983 complaint where the plaintiff sought DNA testing that would have been inconsequential to the finding of guilt because he could not establish "by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained.").

[37] *Garcia*, 431 Fed.App'x. at 352-53 (noting that the plaintiff in that case "does not—and could not—collaterally challenge the [state] courts' interpretation or application of [state] law.").

[38] *Williams v. Hines*, No. 11-1511, 2013 WL 5960673, at *24-25 (E.D. La. Nov. 6, 2013) (rejecting a claim seeking post-trial DNA testing and complaining that the decision of the lower state court in denying such testing was incorrect).

[39] *Id.*; *Alexander v. Cain*, No. 14-29, 2015 WL 3773254, at *3-4 (M.D. La. June 16, 2015).

[40] *Osborne*, 557 U.S. at 71 (citing *Medina v. California*, 505 U.S. 437, 453 (1992)).

[41] Both this Court and the Fifth Circuit have already concluded that Plaintiff did not have a likelihood of success on the merits of this case. Because Plaintiff was charged under the law of principals, La. R.S. § 14:24, and there was testimony as to Plaintiff's participation in the shooting that resulted in the victim's death, "no matter the results of DNA testing of the clothing at issue, it would still fall short of resolving doubt as to Roddy's innocence of second-degree murder." R. Doc. 28, p. 5.

[42] R. Doc. 1, pp. 8-9.

7

do not have a liberty interest in traditional state executive clemency, to which no particular claimant is *entitled* as a matter of state law."[43] The plaintiff in *Osborne* made a similar argument to Plaintiff here, namely that because the Alaskan constitution provided authority to the governor to grant pardons, commutations, and reprieves, a liberty interest existed.[44] In rejecting this argument, the Supreme Court succinctly stated that the plaintiff could not "challenge the constitutionality of any procedures available to vindicate an interest in state clemency."[45]

### iii. Plaintiff Cannot State a Claim Regarding Access to the Courts

Finally, Plaintiff's attempt to frame the state court's denial of access to materials for DNA testing as a claim for interference with access to the courts also fails.[46] Inmates have a fundamental constitutional right of access to the courts.[47] The right of access to the courts, however, "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."[48] In order to prevail on a claim of interference with access to the courts, an inmate claimant must be able to show that she has suffered some cognizable legal prejudice or detriment as a result of the defendant's actions.[49] In addition, the plaintiff must be able to show that the defendant had an intent to interfere with the plaintiff's right to submit pleadings to the courts or was otherwise deliberately indifferent to the plaintiff's wish to do so.[50]

---

[43] *Osborne*, 557 U.S. at 67-68 (citing *Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981)).
[44] *Id.*
[45] *Osborne*, 557 U.S. at 68.
[46] R. Doc. 1, pp. 12; 21.
[47] *Lewis v. Casey*, 518 U.S. 343, 351 (1996).
[48] *Id.* at 356.
[49] *Eason v. Thaler,* 73 F.3d 1322, 1328 (5th Cir. 1996).
[50] *See Herrington v. Martin,* No. 09-785, 2009 WL 5178340, *2 (W.D. La., Dec. 23, 2009) (recognizing that "[a]n 'access to courts' claim is actionable only if the deprivation stemmed from intentional conduct on the part of the defendant; 'access to courts' claims premised on a defendant's mere negligence or inadvertence are not cognizable under § 1983").

An inmate's right to seek access to the courts is limited to the making of non-frivolous claims involving the assertion of legitimate constitutional rights.[51] Because the right to access to the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court,"[52] "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint."[53] "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the United States Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court."[54]

This is another thinly veiled collateral attack on the state court's refusal to grant Plaintiff's request for DNA testing. As discussed above, Plaintiff has no substantive due process interest in obtaining post-conviction DNA testing, and he has had ample access to the courts in challenging the refusal to grant his application for DNA testing. Plaintiff has not demonstrated that whatever legal prejudice or detriment he has suffered is a *result* of Defendant's actions;[55] rather; Plaintiff cannot obtain DNA testing because a court has determined he is not entitled to it. Access to the courts claims are generally limited to claims regarding actual, intentional interference with submission of documents to the court, and Plaintiff has made no allegations indicating this has occurred.[56] The fact that Plaintiff has been unsuccessful in his legal challenges does not give rise to a claim for denial of access to the courts.

---

[51] *Johnson v. Rodriguez,* 110 F.3d 299, 311 (5th Cir. 1997).
[52] *Christopher v. Harbury,* 536 U.S. 403, 415 (2002),
[53] *Lewis,* 518 U.S. at 356.
[54] *Brewer v. Wilkinson,* 3 F.3d 816, 821 (5th Cir. 1993).
[55] *Eason,* 73 F.3d at 1328 (In order to prevail on a claim of interference with access to the courts, an inmate claimant must be able to show that she has suffered some cognizable legal prejudice or detriment as a result of the defendant's actions).
[56] *Lewis*, 518 U.S. at 351 (finding that prisoners must be given the *opportunity* to file nonfrivolous legal claims challenging their convictions or conditions of confinement). Plaintiff has had ample opportunity to file pleadings, motions, and other documents in various cases, including in this one.

### C. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Plaintiff's allegations may invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[57]  In the instant case, having recommended that Plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

### RECOMMENDATION

**IT IS RECOMMENDED** that the Motion to Dismiss filed on behalf of Defendant Ricky Babin be **GRANTED** and his federal claims be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over Plaintiff's potential state law claims.

Signed in Baton Rouge, Louisiana, on December 28, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[57] 28 U.S.C. § 1367.