UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LUCAS JOSEPH RODDY                                    CIVIL ACTION

VERSUS

RICKY BABIN                                            NO. 17-01352-BAJ-EWD

### RULING AND ORDER

Before the Court is the United States **Magistrate Judge's Report and Recommendation (Doc. 35)** pursuant to 28 U.S.C. § 636(b)(1). The Report and Recommendation addresses Defendant's Motion to Dismiss Filed on Behalf of Ricky L. Babin, District Attorney for the 23rd Judicial District, State of Louisiana (Doc. 31), seeking to dismiss *pro se* Plaintiff's Complaint (Doc. 1). The Motion is opposed. (Doc. 32). The Magistrate Judge recommends that the Motion (Doc. 31) be granted, Plaintiff's federal claims be dismissed, with prejudice, for failure to state a claim upon which relief may be granted, and that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. The Recommendation is Opposed. (Doc. 36). A Reply to the Opposition was filed. (Doc. 41).

Plaintiff wishes to challenge Louisiana's post-conviction DNA testing statute to support a claim of ineffective counsel. (Doc. 36, p. 3). Louisiana Code of Criminal Procedure article 926.1 permits a person who has been convicted of a felony to request DNA testing of an "unknown sample secured in relation to the offense for which he was convicted," in conjunction with an application for post-conviction relief. However, the statute requires that the petitioner sign an affidavit stating that they are

1

factually innocent of the crime for which they were convicted, which Plaintiff argues is an unconstitutionally high burden for post-conviction relief under *Strickland v Washington*, 466 U.S. 668 (1984). (Doc. 36, p. 6). Plaintiff additionally argues that he has a liberty interest in the clemency process, and that the state court's denial of access to materials for DNA testing interferes with his access to the courts. (Doc. 35, p. 7–8).

The Recommendation notes that Plaintiff's argument that the statute is unconstitutional on its face and as applied to him lacks merit. Courts have consistently found that Louisiana's post-conviction DNA statute meets constitutional due process standards. *See Thomas v. Fuselier*, No. 6:12-CV-3142, 2013 WL 1290002, at *8 (W.D. La., Mar. 8, 2013), *report and recommendation adopted*, No. 6:12-CV-3142, 2013 WL 1289722 (W.D. La. Mar. 27, 2013); *See also District Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 69 (2009) (upholding the state of Alaska's post-conviction DNA testing regime, where the statute required a showing of new evidence which establishes innocence). While Plaintiff argues in his objection that his claim "satisfies the requirements for a procedural due process claim," he states this as a conclusory allegation without support. (Doc. 36, p. 4). Plaintiff made similar conclusory allegations in his complaint. (Doc. 35, p. 6). Such allegations, without more, are not sufficient to defeat a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), even considering the liberal pleading standards given to *pro se* plaintiffs.

Plaintiff also alleges that he has a liberty interest in the clemency process, an argument which the Supreme Court previously rejected in *Osborne*. 557 U.S. at 68 (2009). The Recommendation similarly suggests that the Court reject Plaintiff's argument that because the state court denied him access to materials for DNA testing, he was denied access to the courts, because this argument also fails as a matter of law. (Doc. 35, p. 10). The Recommendation notes that Plaintiff's argument is, in actuality, that the state courts reached an incorrect decision in rejecting his requests for DNA testing. (Doc. 35, p. 8). However, adjudicating this issue is not the province of the federal courts. *Id.*

Having independently considered the underlying Complaint, Motion, Objection, and related filings, the Court **APPROVES** the Magistrate Judge's Report and Recommendation, and **ADOPTS** it as the Court's opinion herein.

Accordingly,

**IT IS ORDERED** that Defendant's Motion (Doc. 31) is **GRANTED** for the reasons explained in the Magistrate Judge's Report and Recommendation (Doc. 35).

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** for the reasons explained in the Magistrate Judge's Report and Recommendation (Doc. 35).

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over any state law claims.

A separate judgment shall be issued.

Baton Rouge, Louisiana, this 3rd day of March, 2021

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA